IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


ANDY VEGA-MALDONADO,           *
    Petitioner,            *
                          *
                          *
       v.                      *
                          *     **CIVIL NO. 10-1302(JAG)**
                          *     **RELATED CRIM. 99-044(JAG)**
UNITED STATES OF AMERICA,       *
    Respondent.            *
_____ *

### OPINION & ORDER

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1], as well as the Government's Response (D.E. 11), and Petitioner's Reply (D.E. 12). For the reasons discussed below, the Court finds the Petition shall be **DENIED AND DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

On September 2, 2003, Petitioner Andy Vega-Maldonado (hereinafter "Petitioner" or "Vega-Maldonado")was sentenced to a term of imprisonment of two hundred and twenty eight (228) months. Petitioner had previously plead guilty to violations of Title 18, United States Code, Section 924(j) and 2 - aiding and abetting in using and carrying firearms during and in relation to a crime of violence, specifically extortion, which resulted in the death of a person (Crim. D.E. 751)[2].

---

[1]D.E. is an abbreviation of docket entry number.

[2]Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 10-1302(JAG)                                                    Page 2

On September 8, 2003, Judgment was entered (Crim. D.E. 751).  Petitioner never filed an appeal of his conviction; therefore, Vega-Maldonado's conviction became final after ten (10) days, pursuant to Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure.

On March 15, 2010, Petitioner gave to prison officials a Motion in Request for Relief from Void Judgment Pursuant to Rule 60(b)(4); the same was received and filed on March 19, 2010 (Crim. D.E. 836).

On April 9, 2010, the Court, upon review of the Rule 60(b)(4) motion, issued an order directing the Clerk of the Court to file said motion as a Motion to Set Aside Judgment pursuant to Title 28, United States Code, Section 2255 (Crim. D. E. 845).  On April 23, 2010, Petitioner filed a Motion for Reconsideration of the Court's Order re-classifying and properly filing his motion as a Section 2255 Petition (Crim. D.E. 849)[3].  On May 4, 2010, the Court issued its Order denying the Reconsideration (Crim. D. E. 854).

On May 17, 2010, Petitioner filed a Notice of Appeal as to the Court's denial of the Reconsideration (Crim. D. E. 856).  On August 13, 2010, the First Circuit Court of Appeals issued its Judgment dismissing Petitioner's appeal (Appeal No. 10-1771, August 13, 2010).  Thus, pending

---

[3]In his motion petitioner acknowledges the fact that as a Section 2255 Petition his motion would be time barred.

Civil No. 10-1302(JAG)                                              Page 3

before this Court is Petitioner's Section 2255 Petition
(D.E.1).

    For the reasons expressed herein, the Court finds that
Petitioner's  Section  2255  Petition  is  time  barred;
therefore, the petition is dismissed with prejudice.

## II. DISCUSSION

### A. <u>Statute of Limitations</u>

    The Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA),went into effect on April 24, 1996.  AEDPA
established a limitations period of one (1) year from the
date on which a prisoner's conviction becomes "final"
within which to seek federal habeas relief.   Congress
intended that AEDPA be applied to all section 2255
petitions filed after its effective date, <u>Pratt</u> v. <u>United
States</u>, 129 F.3d 54, 58 (1st Cir. 1997).

    In the present case, taking the dates of entry of
Judgment and reviewing the tolling of the applicable
statute of limitations in the light most favorable to
Petitioner, it is clear that his judgment of conviction
became final ten days following entry of judgment. This
would have been the allotted time limit for Petitioner to
file his Notice of Appeal, <u>Kapral</u> v. <u>United States</u>, 166
F.3d 5665 (3d Cir. 1999).

    Petitioner's Judgment was entered September 8, 2003,
which means than on September 18, 2003, his conviction
became final and the one (1) year statute of limitation
began to accrue.   Therefore, Petitioner had until

Civil No. 10-1302(JAG)                                                    Page 4

September 18, 2004, to timely file his section 2255 petition. However, Vega-Maldonado did not provide his petition to prison guard until March 15, 2010, over five (5) years after the one (1) year statute of limitations had expired. Hence, the same is time barred.

Petitioner would like this Court to follow his argument in his Reply, that this Court could not sua sponte re-classify his original Rule 60 motion as a Section 2255 Petition. Petitioner alleges that the Court had to first provide him with notice of the adverse effect this would have. Vega-Maldonado is well aware that as a 2255 Petition, his request for relief would be time barred. The Court is not persuaded by Petitioner's argument.

The re-classification of motions in order for them to be properly filed as Section 2255 Petitions is a matter already settled by the First Circuit Court of Appeals. The Circuit Court has made it clear that it is essential for courts to plot, and then patrol, the boundaries between section 2255 and the universe of writs. Otherwise, artful pleaders will tiptoe around those boundaries and frustrate Congress's discernible intent, Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). In carrying out this duty, courts must be guided by the principle that substance trumps form. "Thus, any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255, is a motion under Section 2255, no matter what title the prisoner plaster on the cover," Id.

Civil No. 10-1302(JAG)                                           Page 5

at 97, citing <u>Melton</u> v. <u>United States</u>, 359 F.3d 855, 857 (7th Cir. 2004).

   Following this approach, courts regularly re-characterize imaginatively captioned petitions to reflect that they derive their essence from Section 2255 and, thus, must satisfy the section's gatekeeping provisions.  See <u>United States</u> v. <u>Winestock</u>, 340 F.3d 200 at 206-208(4th Cir. 2003) (re-characterizing a self-styled Rule 60 (b) motion).

   An analysis of the substance of Vega-Maldonado's petition leaves no doubt that, regardless of its label, the petition falls clearly within the compass of a section 2255 petition.  Petitioner is a federal prisoner challenging his sentence, as well as the performance of his counsel, and alleging his sentence was beyond the scope of the statute of conviction.  The Court's analysis need not go further.

**III. CONCLUSION**

   For the reasons stated, the Court concludes that Petitioner **ANDY VEGA-MALDONADO,** is not entitled to federal habeas relief on the claim presented since the same is time barred.  Accordingly, it is ordered that Petitioner **ANDY VEGA-MALDONADO's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IV. CERTIFICATE OF APPEALABILTY**

   For the reasons previously stated, the Court hereby

Civil No. 10-1302(JAG)                                                    Page 6

**DENIES** Petitioner's request for relief pursuant to 28 U.S.
C. Section 2255.  It is further ordered that in the event
that Petitioner files a notice of appeal,  no certificate
of appealability should be issued because there is no
substantial showing of the denial of a constitutional right
within the meaning of 28 U.S.C. 2253(c)(2).


     **IT IS SO ORDERED.**

  In San Juan, Puerto Rico, this 11th of October 2012.


                                   S/ Jay A. Garcia-Gregory
                                   **JAY A. GARCIA-GREGORY**
                                   **UNITED STATES DISTRICT JUDGE**